OTIS HOWARD & another *vs.* HENRY B. PROCTOR.

A selectman and assessor of a town may legally be chosen collector of taxes also.

A collector of taxes may be sworn at any time before entering upon the duties of his office, and his oath need not be matter of record, but may be proved by parol; notwithstanding the Rev. Sts. *c.* 15, §§ 39, 40, and *St.* 1853, *c.* 283.

A town record of the election of a collector of taxes need not show a determination by the town of the manner in which he should be chosen.

A town record, showing a vote " to let out the collection of the taxes at auction immediately to the lowest bidder whom the town will accept," the bidding off of the collection of taxes, and a choice of the lowest bidder to be collector for the ensuing year, shows a sufficient authority to the person elected to collect the taxes; especially if he has previously been chosen constable.

A tax warrant is not void by reason of containing an assessment of real and personal estate to two owners jointly, if it does not appear that the real estate was held by them as partners

A tax warrant is not void by reason of containing an assessment of two poll taxes to two tenants in common of land; nor by reason of assessing a number of poll taxes to one person.

A collector of taxes is not obliged to return his warrant to the assessors.

A collector of taxes may make a distress after the first of January next ensuing his election.

A collector of taxes may include, in the legal costs of a sale of property for nonpayment of a tax, a commission or percentage on the amount of the tax, for his own compensation.

A collector of taxes, holding two tax warrants, may make one sale of property for non-payment of the whole amount of taxes due under both.

If any demand is required by the Rev. Sts. *c.* 8, § 7, before distraining for nonpayment of taxes, a demand for payment of taxes assessed on two jointly may be made on them on different days.

A tax warrant, good upon its face, protects the collector acting under it, notwithstanding any irregularity in the meetings at which, or the votes by which the taxes were assessed.

ACTION OF TORT for taking a horse, the property of the plain-tiffs, who were partners. The defendant admitted the taking and justified under two warrants issued to him as collector of taxes of the town of Chelmsford, by Nathan B. Edwards and Jabez Stevens, a majority of the assessors of that town, for the collection of state, town and school district taxes assessed to the plaintiffs jointly on real and personal estate. Trial before *Metcalf*, J., who took a verdict for the plaintiffs, subject to the opinion of the full court upon a report, part of which was thus :

The defendant, to prove his election to be collector of taxes, produced the records of the town for 1853, containing the following votes : " Voted, that the selectmen of the ensuing year be also the assessors. Then chose by ballot Nathan B. Edwards, Jabez Stevens, and Henry B. Proctor, selectmen. Voted, that the collection of the taxes be let out on the same conditions and subject to the same restrictions and liabilities as last year. Voted, to let out the collection of the taxes at auction immediately to the lowest bidder whom the town will accept. The collection of the taxes were bid off by Henry B. Proctor, at one and a half per cent. on the dollar. Chose Henry B. Proctor, collector of taxes for the ensuing year." There was no record of any vote of the town, determining the mode in which the collector should be chosen.

The defendant then offered as a witness the town clerk for that year, who testified that the collector was chosen by ballot This evidence was objected to.

The defendant, to prove that he took the necessary oath as collector, produced the town records, on which was a "list of officers chosen March 7th 1853, and of whom an oath is required by law," containing the names of Edwards, Stevens and the defendant as selectmen, "sworn March 7th 1853," of the defendant as constable and as collector respectively, "sworn June 27th 1853." This list was not signed or in any way authenticated; but the town clerk testified, against the plaintiffs' objection, that these oaths were administered by him.

The records also showed an election of the defendant as constable for the same year. And it was admitted that he entered on his duties as selectman and assessor immediately after being sworn as aforesaid.

So much of the residue of the report as is material to the understanding of the points of law decided is stated in the opinion.

*B. F. Butler*, for the plaintiffs.

*J. G. Abbott*, for the defendant.

THOMAS, J. This is an action of tort, brought to recover the value of a horse, the property of the plaintiffs, taken by the defendant. The defendant admitted the taking, and justified it under two warrants of distress from the assessors of the town of Chelmsford, issued to him as collector of taxes for that town. A verdict having been taken for the plaintiffs, and damages assessed, the case is before us upon the report of the cause by the presiding judge.

The defendant relying upon the warrants and his proceedings under them as a justification, the plaintiffs say, the warrants and proceedings were defective and invalid, and afford no justification to the defendant.

1. The first objection is, that the defendant, having been previously elected selectman and assessor, could not be legally chosen collector of taxes, because the duties of the offices are conflicting and inconsistent. This incompatibility arises, it is said, from the provisions of the Rev. Sts. *c.* 15, § 80, by which the collector must give bond to the satisfaction of the selectmen; of *c.* 8, § 40, authorizing the assessors in certain cases to remove

the collector; and of *c*. 15, § 64, which makes it the duty of the treasurer to account to the selectmen. The defendant was not chosen treasurer, and the last provision would be inapplicable to him.

Though these provisions certainly present good reasons why the offices should be filled by different persons, they do not show such a conflict of duties and interests as to render the election to either void. The law allows the duties of the offices of assessors or selectmen to be done by a majority of the board. All words purporting to give a joint authority to three or more public officers are to be construed as giving authority to a majority of such officers. Rev. Sts. *c*. 2, § 6, *cl*. 3. The bond could be approved by the other members of the board, or if a vacancy arose, or occasion for removal, the majority could act.

2. The second objection, that the collector was not duly sworn, is not sustained by the facts. The record shows that he was sworn as collector. It was also proved by parol. We know of no provision that requires the swearing to be matter of record. It is sufficient that he was sworn before entering upon the discharge of the duties of his office. He, with other officers, is liable to a penalty if he has been summoned under the warrant of the town clerk and does not appear within seven days after his notice, Rev. Sts. *c*. 15, §§ 39, 40; but this does not prevent his taking the oath of office after the lapse of that time. Under the *St*. of 1853, *c*. 283, the defendant might have been summoned, and upon failure to take the oath, the office might have become vacant; but no such proceeding was had.

3. It is objected that the defendant was not duly chosen collector; because it does not appear that the meeting determined in what mode the election should be made. The record does show that the collector was chosen. The law says, he shall be chosen in such mode as the meeting shall determine. Rev. Sts. *c*. 15, § 34. We certainly cannot presume he was not legally chosen. If the record is deficient as to the mode of election, we see no objection to proving by parol the mode adopted.

4. The vote was not to let out the collection to the lowest

bidder ; it was to let out to the lowest bidder whom the town will accept. The case falls within the rule of *Alvord* v. *Collin.* 20 Pick. 418, and not of *Spencer* v. *Jones*, 6 Gray, 502.

But besides this, the defendant was chosen constable, and as such was collector of taxes, if no one was chosen to that office. Rev. Sts. *c.* 15, § 33. *Hays* v. *Drake*, 6 Gray, 387.

5. It is said by the plaintiffs, that the warrant was void on its face, because it contains an assessment of real and personal estate to owners jointly, instead of an undivided half to each. It does not appear that the property held by them as partners was real estate ; and if personal, it might well be so taxed. Rev. Sts. *c.* 7, § 13.

6. The warrant is said to be so void, because it contains an assessment of two poll taxes to two tenants in common of land. It does not appear for whom the poll taxes were assessed, whether for minors in their employment, or others.

7. It is said to be void, because the list shows the assessment of six poll taxes in one year, all of which could be collected of either plaintiff. That may well be, and the tax be legal. The collector could not see, upon the face of the warrant, why or for whom the polls were assessed.

8. It is alleged that the collector did not comply with this warrant, because he did not return it to the assessors, nor return it before the first of January 1854, but made distress after that time. We know of no rule of law that renders such return necessary to the validity of his proceedings ; no statute or decision of this court is referred to by the counsel for the plaintiffs to sustain this position.

9. It is said, that the collector exceeded his authority by selling property for a commission or percentage on the amount of the taxes, in addition to costs and charges of sale.

Such percentage or poundage was part of the legal costs. The statutes do not provide specially for the fees of collectors. But the Rev. Sts. *c.* 122, § 21, direct that in all cases, not expressly provided for by law, the fees of public officers for any official duty or service shall be at the same rate as those prescribed in that chapter for the like services. The like services

are those of the sheriff. *c.* 122, § 5.   Under this rule the charges seem to be correct.

10. We see no objection to the course pursued by the officer in making the sale on both warrants, to satisfy the amount due on both.

11. It is objected that the demand for payment of the tax was made on one of the plaintiffs only.   Such does not appear to have been the fact.   By the return—and there is nothing to control it—the demand was made on both the plaintiffs, though on different days.   Whether any demand was necessary, before levying the tax by distress, it is not necessary to decide.   The language of the statute is, "if any person shall refuse or neglect to pay the tax, the collector shall levy the same by distress and sale of his goods."   Rev. Sts. *c.* 8, § 7.   Section 11 provides that if any person shall refuse or neglect to pay for fourteen days after demand, and the collector cannot find sufficient goods, the body may be taken.

12. The remaining objections are to the validity of the assessment.   Into these it is not necessary to inquire.   The warrants being good upon their face, sufficient in point of form, and coming from an authority having jurisdiction of the subject, the defendant cannot be liable for their regular execution.   This rule, applicable to executive officers, includes collectors.   *Hays* v. *Drake*, 6 Gray, 387.

13. Nor is he responsible for the regularity of the meetings, town or district, or the validity of the votes by which the taxes were granted.

*Verdict set aside ; judgment for the defendant.*